UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| GEORGE E. JOHNSON, individually and derivatively as a shareholder of TOTAL LUXURY GROUP, INC., suing on behalf of all other similarly situated shareholders of TOTAL LUXURY GROUP, INC., and in the right of TOTAL LUXURY GROUP, INC., <br>          Plaintiff, <br><br> v. <br><br> SANDY MASSELLI, JR., *et al.*, <br>          Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CAUSE NO.: 2:07-CV-214-PPS |

**OPINION AND ORDER**

This matter is before the Court on Defendant Total Luxury Group, Inc.'s Motion for Realignment [DE 51], filed on August 13, 2007, and Defendant Total Luxury Group, Inc.'s Motion for Realignment [DE 53], refiled on August 14, 2007. In the Motion, Defendant Total Luxury Group, Inc. ("TLG") requests that the Court realign it in this matter from a Defendant to a Plaintiff. On August 14, 2007, in support of its Motion for Realignment, TLG filed an accompanying memorandum of law. The Plaintiff and remaining Defendants failed to respond to the Motion for Realignment and the time to do so has passed.

**BACKGROUND**

The Plaintiff filed his Complaint in this matter on June 27, 2007, bringing a shareholder derivative action against Defendants Sandy Masselli, Jr. ("Masselli"), Robert D. Bonnell ("Bonnell"), and other related Defendants, in order to prevent Masselli and Bonnell from continuing to commit acts to the detriment of TLG and its shareholders. Specifically, the Plaintiff alleges that Masselli and Bonnell, former officers and directors of TLG, issued and/or transferred shares of TLG

stock to bank accounts and companies owned or controlled by Masselli and Bonnell for little or no consideration. The Plaintiff contends that Masselli and Bonnell "engaged in countless acts of fraud, deception, breaches of fiduciary duties, misrepresentations, self-dealing, perjury and false promises, all of which inured to their personal benefit and to the detriment of Plaintiff, other similarly situated shareholders, and TLG." Pl.'s Compl. at ¶ 29. Based on these alleged wrongful acts, the Plaintiff asserts a cause of action against Masselli and Bonnell pursuant to Section 10(b) of the Security Exchange Act of 1934, 15 U.S.C. § 78j(b), and brings claims for breach of fiduciary duty and common law fraud. In addition, the Plaintiff asserts a cause of action against Masselli individually pursuant to Section 16 of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b). The Plaintiff does not assert any cause of action against TLG.

## ANALYSIS

The corporation is always initially named as a defendant in a shareholder derivative lawsuit because it is an indispensable party to the litigation. *See Nejmanowski v. Nejmanowski*, 841 F.Supp. 864, 865-66 (C.D. Ill. 1994). The named plaintiff in a shareholder derivative lawsuit is only the nominal plaintiff; the real party in interest is the corporation. *See id*. Once joined to the lawsuit, and having appeared before the court, the corporation is then typically realigned from defendant to plaintiff. *See id*. An exception to realignment exists if "corporate management" is antagonistic to the original shareholder plaintiff. *Id*. (citing *Smith v. Sperling*, 354 U.S. 91, 96 (1957)). In such an instance, the corporation remains as a defendant. *See id*. Thus, realignment is only proper if the court finds that no actual, substantial controversy exists between the original shareholder plaintiff and the corporation. *See American Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 151 (7th Cir. 1981); *Sabo v. Dennis Tech., LLC*, No. 07-cv-283, 2007 WL 1958591, at *6 n. 7 (S.D. Ill. July 2,

2007); *Lampe v. Genuine Parts Co.*, 463 F.Supp.2d 928, 933-34 (E.D. Wis. 2006) (citing *Harvey v. Marriott Corp.*, 680 F.Supp. 1289, 1290 (E.D. Wis. 1988)).

Here, the Plaintiff's lawsuit is a shareholder derivative action. The lawsuit alleges that Masselli and Bonnell committed acts of fraud, deception, self-dealing, misrepresentation, and breaches of their fiduciary duties that were detrimental to TLG and its shareholders. Included among those wrongful acts, the Plaintiff alleges that Masselli and Bonnell, as former officers and directors of TLG, used their positions or former positions within the corporation to wrongfully issue and/or transfer shares of TLG stock. The Plaintiff filed suit in the right of TLG and does not allege that TLG committed any wrongful acts.

TLG is proceeding in this case in a matter consistent with the Plaintiff's interests. On August 14, 2007, TLG filed motions for a temporary restraining order and for a preliminary injunction, seeking to enjoin Masselli, and the entities he controls, from "hypothecating, selling or otherwise transferring any shares of TLG stock issued during or after November 2006 which he owns or controls and from representing that he is a director or officer of TLG during the pendency of this action." TLG's Mot. for Prelim. Inj. at 1; *see also* TLG's Mot. for TRO at 1. On August 15, 2007, the District Court granted TLG's motion and issued a temporary restraining order. Based on the substance of the Plaintiff's allegations and TLG's actions in support of the Plaintiff's allegations, the Court finds that no controversy exists between the Plaintiff and TLG. Rather, the controversy exists between the Plaintiff, TLG, and other TLG shareholders similarly situated to the Plaintiff on one side and Masselli, Bonnell, and related individual and entity Defendants on the other side.

## CONCLUSION

Based on the foregoing and noting that the Plaintiff and remaining Defendants failed to file a response in opposition to the request for realignment, the Court **DENIES AS MOOT** the Defendant Total Luxury Group, Inc.'s Motion for Realignment [DE 51], and **GRANTS** the Defendant Total Luxury Group, Inc.'s Motion for Realignment [DE 53]. The Court **ORDERS** that Total Luxury Group, Inc. be treated as a plaintiff in this matter from this point forward.

SO ORDERED this 17th day of September, 2007.

> /s/ Paul R. Cherry
> MAGISTRATE JUDGE PAUL R. CHERRY
> UNITED STATES DISTRICT COURT

cc:   All counsel of record